Daniel, J.
 

 It does not appear that the sheriff had made any levy under the execution before his office of sheriff expired. If he had made a levy, it would have been his duty to have proceeded and completed the sale, notwithstanding a new sheriff had been appointed before the return day of the execution. But as nothing had been done on the execution, when the defendant’s office expired in August, 1840, he thereafter had no power to act on it. For all writs of execution, not executed or begun to be executed by the old sheriff before his office expires, it is the duty of the new sheriff to execute.
 
 Fonseck
 
 v
 
 Magney,
 
 6 Taunt. 231.— Watson on Sheriffs, 21. The question now is not, whether the defendant handed over this execution to the new sheriff, or whether it was his duty to have done so, but whether he is subject to a penalty for failing to return the writ into this court on the return day, to wit, at December Term, 1840, four months after his office had expired. We think that he is not subject to the forfeiture. The Legislature did not contemplate a ease like this when it passed the act. The defendant could not in law have made the return on the execution, at the time it was returnable. Dyer 41, 355
 
 in nota
 
 Dalt. 18. The demurrer must therefore be sustained,
 
 *411
 
 and judgment.rendered for the defendant to go without day and recover his costs.
 

 Per Curiam. Judgment for .the defendant.